**Bryan CALLAN, an individual**

v.

**CHRISTIAN AUDIGIER, INC.;
and related counterclaim.**

No. CV 08–8072–GW(RCx).

United States District Court,
C.D. California.

Oct. 27, 2009.

Scott A. Burroughs, Doniger/Burroughs, Culver City, CA, for Plaintiff.

Karen Vogel Weil, Knobbe, Martens, Olson & Bear, Los Angeles, CA, for Defendants.

**PROCEEDINGS: (IN CHAMBERS) (1) ORDER DENYING WITHOUT PREJUDICE DEFENDANTS' MOTION TO ENFORCE PROTECTIVE ORDER; (2) ORDER DENYING WITH PREJUDICE DEFENDANTS' MOTION FOR SANCTIONS; AND (3) ORDER GRANTING PLAINTIFF'S REQUEST FOR REASONABLE ATTORNEY'S FEES**

ROSALYN H. CHAPMAN, United States Magistrate Judge.

On October 13, 2009, defendants filed a notice of motion and motion to compel discov-

ery responses and for sanctions, a joint stipulation, the supporting declarations of Karen Vogel Weil and Mark D. Kachner with exhibits, and the opposing declaration of Scott A. Burroughs. On October 23, 2009, plaintiff untimely filed a supplemental memorandum and the supplemental declaration of Mr. Burroughs.[1] This matter is decided in Chambers without oral argument, pursuant to Local Rule 7–15.

## BACKGROUND

On July 7, 2009, then-Magistrate Judge Jeffrey W. Johnson entered a protective order, pursuant to Fed.R.Civ.P. 26(c), containing, in part, the following "claw back" provision:

> 23. The inadvertent production of any discovery material by any party shall be without prejudice to any subsequent claim by the producing party that such discovery material is privileged or attorney-work product and shall not be deemed a waiver of any such privilege or protection. If, after discovery materials are disclosed, a producing party notifies all receiving parties of a claim that materials are protected by the attorney-client privilege or work-product doctrine or any other applicable privilege or protection, the receiving party shall not make any use of the contested material and shall return to the producing party all copies thereof presently in its possession. Nothing in this provision shall be construed to prevent or restrict any party's right to object to the propriety of any other's assertion that materials are properly protected by the attorney-client privilege or work-product doctrine, or any other applicable privilege, or protection.

(Docket sheet no. 95).

On August 18, 2009, defendants' counsel sent plaintiff's counsel a letter informing him of defendants' "inadvertent" production of 34 allegedly privileged documents, identifying the documents by Bates numbers, and requesting plaintiff's counsel comply with paragraph 23 of the Protective Order and promptly return the documents (and any copies) and destroy any electronic versions. Declaration of Mark D. Kachner ("Kachner Decl.") ¶ 13, Exh. 13. Defendants' counsel further stated that "[b]ecause these documents are not responsive to any of your written discovery requests, Defendants will not supplement the Privilege Log at this time." Id. On September 10, 2009, plaintiff's counsel advised defendants' counsel that they were "unable to locate the documents referenced in your letter without going back through the entirety of [defendants'] production[,]" and requested defendants' counsel "be more specific in letting [them] know where the documents at issue are located in the production[.]" Kachner Decl. ¶ 17, Exh. 17. The next day defendants' counsel, as part of a letter addressing several discovery disputes, advised plaintiff's counsel that certain of the requested documents "were inadvertently produced to [plaintiff] on a hard drive served by Federal Express on July 24, 2009[,]" and other documents "were inadvertently produced to [plaintiff] in a batch of seven (7) media discs and one (1) hard drive by Federal Express also on July 24, 2009." Kachner Decl. ¶ 16, Exh. 16. Nevertheless, plaintiff's counsel complains "[d]efendants have produced hundreds of thousands of documents, and done so in a completely random order, with no sub-folders, or other system to allow Plaintiff to locate the 'inadvertently' produced documents." Declaration of Scott A. Burroughs ("Burroughs Decl.") ¶ 2.

## DISCUSSION

■ Defendants, as the moving party, have the burden of proving they inadvertently disclosed privileged documents to plaintiff within the meaning of paragraph 23 of the Protective Order.[2] *In re Sulfuric Acid Anti-*

---

1. Since these documents are untimely, the Court will not consider them.

2. Although the Joint Stipulation solely refers to the Protective Order, the Court notes Federal Rule of Evidence 502(b) specifically addresses the inadvertent disclosure of information covered by the attorney-client privilege or work product protection, stating:

> When made in a Federal proceeding or to a Federal office or agency, the disclosure does not operate as a waiver in a Federal or State proceeding if:
> (1) the disclosure is inadvertent;

trust Litigation, *235 F.R.D. 407, 417 (N.D.Ill. 2006) (citing* Harmony Gold U.S.A., Inc. v. FASA Corp., *169 F.R.D. 113, 116 (N.D.Ill. 1996)). Since the Protective Order does not address the parties' burden of proof regarding an alleged inadvertent disclosure of privileged documents, the Court adopts the "standard practice[,]" which is to place the burden on the party claiming inadvertent disclosure.*[3] VLT Corp. v. Unitrode Corp., *194 F.R.D. 8, 12 n. 2 (D.Mass.2000);* Harmony Gold USA, Inc., *169 F.R.D. at 116.*

■ Here, defendants have not met their burden. The declarations of defendants' attorneys do not establish that the documents defendants "inadvertently" produced to plaintiff are privileged documents, and defendants admit they have not identified these documents on a privilege log. Indeed, defendants do not even indicate what privileges purportedly apply to the documents allegedly inadvertently produced to plaintiff. *See Peterson,* 262 F.R.D. at 427–28, 2009 WL 2243988 at *2 (moving party does not satisfy its threshold burden where "moving papers essentially [make] no attempt to establish that the documents in question [are] privileged or otherwise protected from discovery" since moving party's burden of proof "is not satisfied by ... broad unsupported allegations"). Further, the declarations of defendants' attorneys do not establish or set forth facts showing how defendants reviewed the allegedly privileged documents before producing them to plaintiff or what precautions they took to prevent the disclosure of allegedly privileged documents to plaintiff; thus, defendants have not shown their production of any document was "inadvertent." *See*

Harmony Gold U.S.A., Inc., 169 F.R.D. at 116 (self-serving declarations are insufficient to satisfy burden on party seeking to establish inadvertent disclosure). For these reasons, defendants have not shown the inadvertent disclosure of privileged documents to plaintiff, and defendants' motion to compel compliance with paragraph 23 of the Protective Order is denied without prejudice.

Since defendants have not prevailed on their motion to compel compliance with Protective Order, their request for sanctions should be denied on the merits. On the other hand, given defendants' meritless motion, plaintiff's request for reasonable attorney's fees is granted, pursuant to Rule 37(a)(5)(B). The plaintiff's request is supported by the declaration of his attorney, Mr. Burroughs, who sets forth both a reasonable number of hours spent responding to defendants' motion, 4.3 hours, as well as the reasonable hourly rate of $295.00 per hour. Burroughs Decl. ¶¶ 3–4. Thus, plaintiff is awarded attorney's fees in the sum of $1,268.50.

### ORDER

1. Defendants' motion to compel compliance with Protective Order **IS DENIED** without prejudice.

2. Defendants' motion for sanctions **IS DENIED.**

3. Plaintiff's request for reasonable attorney's fees **IS GRANTED,** pursuant to Rule 37(a)(5)(B), and defendants and their counsel, separately and severally, shall pay plaintiff attorney's fees in the amount of $1,268.50, no

---

(2) the holder of the privilege or protection took reasonable steps to prevent disclosure; and

(3) the holder promptly took reasonable steps to rectify the error, including (if applicable) following Federal Rule of Civil Procedure 26(b)(5)(B).

Fed.R.Civ.P. 502(b). Rule 26(5)(B) of the Federal Rules of Civil Procedure provides:

If information produced in discovery is subject to a claim of privilege or of protection as trial-preparation material, the party making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified in-

formation and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The producing party must preserve the information until the claim is resolved.

Fed.R.Civ.P. 26(b)(5)(B).

**3.** Rule 502 does not alter this burden of proof. *Peterson v. Bernardi,* 262 F.R.D. 424, 427–28, 2009 WL 2243988, *2 (D.N.J.2009); *Heriot v. Byrne,* 257 F.R.D. 645, 658 (N.D.Ill.2009).

later than ten (10) days from the date of this Order.